UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WARNER GOMEZ                                           COMPLAINT
                                                       AND JURY DEMAND
                              Plaintiff,

        -against-

THE CITY OF NEW YORK; ROBYN KREPPEL,
as Sergeant, 32 Precinct; ALFRED GALLICHIO,
as Sergeant, 32 Precinct; JACY REESE, as Police Officer 32 Precinct;
ADELEKETE, as Police Officer, 32 Precinct; DADACAY,
as Police Officer, 32 Precinct and JOHN DOE, as Police Officer,
32 Precinct; each being sued individually
and in their official capacities as employees of defendant
THE CITY OF NEW YORK


                                       Defendants'
------------------------------------------------------------------------x

        The plaintiff, WARNER GOMEZ by his attorney THE SANDERS FIRM, P.C., as and

for his federal complaint against defendants THE CITY OF NEW YORK; ROBYN KREPPEL;

ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE

respectfully set forth and allege that:

## INTRODUCTION

        This is an action for equitable relief and money damages on behalf of the plaintiff WARNER

GOMEZ (hereinafter referred to as "plaintiff") who was deprived of his statutory rights as an employee as

a result of defendants' THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO;

JACY REESE; ADELEKETE; DADACAY and JOHN DOE'S abusive and conspirator conduct.

## JURISDICTION AND VENUE

        1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C.

§§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.      the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the

protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

2. The unlawful violations of plaintiff's civil rights complained of herein were committed within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff has filed suit with this Court within applicable statue of limitations.

4. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

5. On or about October 24, 2014, plaintiff filed a Notice of Claim within ninety days of the alleged incident with the New York City Comptroller's Office.

## PLAINTIFF

6. Plaintiff WARNER GOMEZ is a citizen of the United States of America, over twenty-one (21) years of age and an employee of defendant THE CITY OF NEW YORK.

## DEFENDANTS'

7. Defendant CITY is a municipal corporation organized under the laws of the State of New York.

8. Defendants' ROBYN KREPPEL, as Sergeant, 32 Precinct; ALFRED GALLICHIO, as Sergeant, 32 Precinct; JACY REESE, as Police Officer, 32 Precinct; ADELEKETE, as Police Officer, 32 Precinct; DADACAY, as Police Officer, 32 Precinct; and JOHN DOE, as Police Officer, 32 Precinct.

## BACKGROUND

9. Plaintiff alleges on March 22, 2014, while employed as an uniformed police officer with the Police Department City of New York he was assaulted by another uniformed

police officer who intentionally discharged OC Spray into his eyes, causing him to sustain injuries annoyance, and alarm.

10. Plaintiff alleges the assault was covered up by police supervisors, other police personnel, NYC Patrolman Benevolent Association (PBA) and Sergeants' Benevolent Association (SBA) Delegates, EMS personnel and hospital personnel.

11. Plaintiff alleges on or about March 22, 2014, around 2215 hours he and his partner Non-Party Witness Police Officer Esteban Abreu along with defendants' JACY REESE and ADELEKETE used physical force to restrain an Emotionally Disturbed Person (EDP), plaintiff discharged his OC Spray during the course of the restraint.

12. Plaintiff alleges the other officers accidentally received some of the OC discharge.

13. Plaintiff alleges the EDP was eventually transported to Harlem Hospital.

14. Plaintiff alleges around 2240 hours, defendant JACY REESE called his partner Non-Party witness Abreu (Operator) on his personal cellphone to retrieve his handcuffs which were utilized to restrain the EDP.

15. Plaintiff alleges moments later he along with his partner Non-Party Witness Abreu met with defendants' JACY REESE (Recorder) and ADELEKETE (Operator) near the corner of West 135th Street and Lenox Avenue in the County of New York.

16. Plaintiff alleges both marked police vehicles (RMP's) were parallel parked next to each other.

17. Plaintiff alleges defendant JACY REESE motioned for them to park ahead of his marked police vehicle (RMP).

18. Plaintiff alleges after pulling ahead defendant JACY REESE stepped out of his marked police vehicle (RMP) and walked up to him as he was seated in the other RMP in the

3

passenger seat.

19.    Plaintiff alleges defendant ADELEKETE told Non-Party Witness Abreu, his partner that she wanted to speak with him as a ruse.

20.    Plaintiff alleges unbeknownst to him at the time, defendant ADELEKETE did not want to speak with Non-Party Witness Abreu, she called him over as a distraction.

21.    Plaintiff alleges once Non-Party Witness Abreu left the RMP defendant JACY REESE began speaking with him, engaging him with meaningless conversation.

22.    Plaintiff alleges Non-Party Witness Abreu growing suspicious of defendant ADELEKETE'S behavior started watching the interaction between him and defendant JACY REESE.

23.    Plaintiff alleges all of a sudden, defendant JACY REESE now standing right outside the passenger side of the RMP, while plaintiff was seated, pulled out his Department issued OC Spray, intentionally discharging it directly into his eyes less than three (3) feet away simultaneously taunting him "Do you think it's funny to spray other officers?"

24.    Plaintiff alleges he was blinded and experienced immense pain inside and outside of his eyes.

25.    Plaintiff alleges defendant JACY REESE not only unlawfully discharged his OC Spray inconsistent with his police training, he risked permanently blinding him as the discharge occurred under the circumstances where he could have sustained detached retinas from the pressure of the fluid discharge.

26.    Plaintiff alleges he and his partner Non-Party Witness Abreu notified defendant ROBYN KREPPEL.

27.    Plaintiff alleges he was eventually transported via ambulance to Mount Sinai-St.

Luke's Hospital 1111 Amsterdam Avenue, New York, N.Y. 10025.

28.     Plaintiff alleges he was medically treated for injuries sustained to his eyes, also his shoulder and knee that were injured during the EDP restraint.

29.     Plaintiff alleges he told EMS and hospital personnel about defendant JACY REESE'S assault, but believes they made no record of it.

30.     Plaintiff alleges that meanwhile Non-Party Witness Abreu notified the Desk Sergeant Jose Carabello, who notified the Internal Affairs Bureau.

31.     Plaintiff alleges after discussions with the SBA delegate defendants' ALFRED GALLICHIO, ROBYN KREPPEL, PBA Delegates defendant DADACAY and unidentified officer defendant JOHN DOE along with defendants' JACY REESE and ADELEKETE they collectively decided to cover up the assault, failing to notify the Internal Affairs Bureau, even lying to then Commanding Officer Garcia.

32.     Plaintiff alleges defendant ROBYN KREPPEL failed to file the appropriate documents to protect his legal interest in protecting his pension rights with respect to Line of Duty injuries and future pension valuations.

33.     Plaintiff alleges during the preliminary investigation he was warned by PBA Delegate defendant DADACAY he would be labeled a 'Rat' for the rest of his career, his partner's promotion to Sergeant could be in jeopardy, he should just fight it out with defendant JACY REESE in the ring and he would be modified and sent to another command.

34.     Plaintiff alleges Non-Party Witness Abreu was threatened because he refused to lie about the incident.

35.     Plaintiff alleges after the internal affairs bureau was notified they took no action against anyone.

36. Plaintiff alleges several months later the matter was referred to Patrol Borough Manhattan North's Investigation Unit.

37. Plaintiff alleges on August 1, 2014 he was interviewed by Patrol Borough Manhattan North Investigation personnel where he was discouraged from having defendant JACY REESE arrested for assault.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### ABUSE OF AUTHORITY
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

38. Plaintiff re-alleges Paragraphs 1 through 37 and incorporates them by reference as Paragraphs 1through 37 of Count I of this federal complaint.

39. Plaintiff alleges defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE under color of law, personally interfered with and deprived him of his constitutional rights.

40. Plaintiff alleges defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE acting individually and in their official capacities as a public officials of defendant THE CITY OF NEW YORK under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against him, or knowing such discrimination was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

41. Plaintiff alleges defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up,

directed at him and continuing from in or around March 22, 2014, until this day.

42. Plaintiff alleges because of defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT II
### MONELL CLAIM
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

43. Plaintiff re-alleges Paragraphs 1 through 42 and incorporates them by reference as Paragraphs 1 through 42 of Count II of this federal complaint.

44. Plaintiff alleges defendant THE CITY OF NEW YORK caused his injuries.

45. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were under color of law.

46. Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his constitutional and statutory rights.

47. Plaintiff alleges because of defendant THE CITY OF NEW YORK'S actions and/or inactions he is damaged.

48. Plaintiff alleges that an "official policy" of the NYPD caused his constitutional and statutory injuries.

### COUNT III
### IMPROPER HIRING
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

49. Plaintiff re-alleges Paragraphs 1 through 48 and incorporates them by reference as

Paragraphs 1 through 48 of Count III of this federal complaint.

50. Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his statutory rights by hiring defendants' ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE.

51. Plaintiff alleges defendant THECITY OF NEW YORK'S decision to hire defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

52. Plaintiff alleges because of defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE he sustained statutory injuries.

## COUNT IV
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

53. Plaintiff re-alleges Paragraphs 1 through 52 and incorporates them by reference as Paragraphs 1 through 52 of Count IV of this federal complaint.

54. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

55. Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

56. Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

57. Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to train

its employees he sustained constitutional and statutory injuries.

## COUNT V
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

58. Plaintiff re-alleges Paragraphs 1 through 58 and incorporates them by reference as Paragraphs 1 through 58 of Count V of this federal complaint.

59. Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

60. Plaintiff alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

61. Plaintiff alleges mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

62. Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to supervise its employees he sustained constitutional and statutory injuries.

## COUNT VI
## IMPROPER DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

63. Plaintiff re-alleges Paragraphs 1 through 62 and incorporates them by reference as Paragraphs 1 through 62 of Count VI of this federal complaint.

64. Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his statutory rights by failing to discipline defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE.

65. Plaintiff alleges defendant THE CITY OF NEW YORK'S failure to discipline defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

66. Plaintiff alleges because defendant THE CITY OF NEW YORK'S failure to discipline defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY and JOHN DOE he sustained constitutional and statutory injuries.

## JURY TRIAL

67. Plaintiff demands a trial by jury of all issues in this action that are so triable.

**PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from defendants THE CITY OF NEW YORK; ROBYN KREPPEL; ALFRED GALLICHIO; JACY REESE; ADELEKETE; DADACAY; and JOHN DOE jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated:  September 11, 2015
         New York, NY

                              Respectfully submitted,

                              By:     _____s_____
                                    Eric Sanders

                              Eric Sanders, Esq.
                              **THE SANDERS FIRM, P.C.**
                              230 Park Avenue, Suite 1000
                              New York, NY 10169
                              (212) 808-6515 (Business Telephone)
                              (212) 729-3062 (Facsimile)

                              Website: http://www.thesandersfirmpc.com