UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARNER GOMEZ,
                     Plaintiff,

-v-

CITY OF NEW YORK et al.,
                     Defendants.

15-CV-7524 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Warner Gomez moves for reconsideration of this Court's dismissal of his Fourth and Fourteenth Amendment claims. (Dkt. No. 87.) For the reasons that follow, the motion is denied.

**I.    Background**

Familiarity with the background of this case, as set out in this Court's prior opinion, is presumed. *See Gomez v. City of New York*, No. 15 Civ. 7524, 2017 WL 3736693 (S.D.N.Y. Aug. 29, 2017). This case arises out of an assault against Gomez by a fellow police officer, Defendant Jacy Reese, who intentionally discharged oleoresin capsicum spray ("OC Spray") into Gomez's face and eyes. (*See* Dkt. No. 47.) The Complaint alleges that Reese's partner, Officer Taiwo Adeleke, enabled the assault, and that four additional officers tried to cover up the incident. (*Id.*)

A subgroup of defendants—which included Defendant Adeleke but did not include Defendant Reese—moved to dismiss the Complaint for failure to state a claim upon which relief could be granted. (Dkt. No. 78.) The Court noted that Adeleke "face[s] § 1983 liability for constitutional violations arising out of Reese's assault only if Reese himself is suable under the statute." *Gomez*, 2017 WL 3736693, at *6. The Court concluded that Reese was not acting

1

under color of law when he assaulted Gomez, and, as a result, "none of the moving defendants may be held liable under § 1983." *Id.* The Court dismissed Counts One and Two as against the moving defendants. *Id.* Gomez now asks this Court to reconsider that dismissal. (Dkt. No. 87 at 1.)

## II. Legal Standard

"A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (quoting *In re Initial Public Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## III. Discussion

### A. Defendant Reese

Despite the parties' shared belief, this Court did not formally dismiss any claims against Defendant Reese, who has not yet appeared in this action nor answered the Complaint. The Court dismissed Gomez's § 1983 claims only "with respect to *Movants*." *Gomez*, 2017 WL 3736693, at *6 (emphasis added).

However, the Court cautions that if Gomez moved for a default judgment against Defendant Reese, the Court could not award any damages. Although "a district court must accept as true all of the factual allegations of [a] non-defaulting party and draw all reasonable inferences in its favor," *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014), a court "need not agree that the alleged facts constitute a valid cause of action," *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Belizaire*, 61 F. Supp. at 344 (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). With respect to Defendant Reese, the Court concluded that the Complaint does not.

### B. Defendant Adeleke

Gomez advances three arguments in support of his request for reconsideration with respect to Defendant Adeleke. All three are unavailing.

First, Gomez argues that Reese was acting under color of law when he assaulted Gomez. (*See* Dkt. No. 88 at 5–13.) But Gomez merely repeats the arguments he previously made in opposing the motion to dismiss, and the Court will not rehash arguments already considered and rejected. *See Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) ("A court must narrowly construe and strictly apply [the rule permitting motions for reconsideration] so as to avoid duplicative rulings on previously considered issues . . . ."). Having reviewed the record and the parties' briefs, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record.

Second, Gomez argues that "all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." (Dkt. No. 88 at 13 (quoting *Terebesi v. Torreso*, 764

3

F.3d 217, 243 (2d Cir. 2014) (internal quotation mark omitted)). True enough. But, as previously discussed, Defendant Reese was not acting under color of law when he assaulted Gomez. Consequently, Reese did not violate any of Gomez's *constitutional* rights, and Adeleke breached no affirmative duty to protect Gomez from such violations. *See Foy v. City of New York*, No. 03 Civ. 7318, 2004 WL 2033074, at *3 (S.D.N.Y. Sept. 10, 2004) ("[T]here can be no failure to intervene where there was no constitutional violation.").

Third, Gomez argues that Adeleke's liability "does not rely exclusively upon a finding that Defendant Reese acted under color of law" because "Adeleke's actions constituted a substantive due process violation under [an] increase-of-vulnerability" theory. (Dkt. No. 88 at 2–3.)

This argument presents a much closer call. Gomez's motion for reconsideration cites compelling Second Circuit precedent holding that "a prearranged official sanction of privately inflicted injury would surely . . . violate[] the victim's rights under the Due Process Clause." *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993); *see also Pena v. DePrisco*, 432 F.3d 98, 111 (2d Cir. 2005) (holding that "when . . . state officials communicate to a private person that he or she will not be arrested, punished, or otherwise interfered with while engaging in misconduct that is likely to endanger the life, liberty or property of others, those officials can be held liable under section 1983 for injury caused by the misconduct"). The Complaint, which alleges that Adeleke "encourage[d] and . . . enter[ed] into an agreement with Reese whereby [Reese] would unlawfully discharge OC Spray into [Gomez's] eyes," (Dkt. No. 47 at 13), appears to state a claim against Adeleke under this "state-created danger" (or "increase-of-vulnerability") theory of liability. *See Pena*, 432 F.3d at 108.

4

The state-created danger theory does not, however, appear anywhere in Gomez's motion-to-dismiss briefing.  Gomez failed to cite *Dwares* or any of its progeny; indeed, *every one* of the cases Gomez cites to support his state-created danger theory appears for the first time in his motion for reconsideration briefing.  And although Gomez contends otherwise, Defendants' motion to dismiss squarely presented the issue of Adeleke's non-liability for Reese's actions.  Defendants argued that Adeleke could not be held liable if Reese did not act under color of law (*see* Dkt. No. 79 at 10–12), but Gomez failed to respond with any theory of § 1983 liability for the conduct of a private actor.

It is now too late.  "A party seeking reconsideration may not 'advance new facts, issues or arguments not previously presented to the Court.'"  *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 395 (E.D.N.Y. 2011) (quoting *Almonte v. City of Long Beach*, No. 04 Civ. 4192, 2005 WL 1971014, at *1 (E.D.N.Y. Aug. 16, 2005)); *see also Gayle v. Harry's Nurses Registry, Inc.*, No. 07 Civ. 4672, 2010 WL 5477727, at *3 (E.D.N.Y. Dec. 30, 2010) (holding that the party seeking reconsideration must demonstrate that controlling precedent was previously presented to the court).  This is because a "motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . . ."  *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (quoting *Norton v. Town of Islip*, No. 04 Civ. 3079, 2013 WL 84896, at *3 (E.D.N.Y. Jan. 7, 2013)).  Consequently, the Court will not consider a new theory of liability raised for the first time on a motion for reconsideration.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.  The moving defendants shall file an answer to the Complaint on or before January 5, 2018.

The Clerk of Court is directed to close the motion at Docket Number 87.

SO ORDERED.

Dated: December 21, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge